(No. 20112.—)

SUB-DISTRICT No. 1 OF FEEHANVILLE DRAINAGE DISTRICT, Appellee, *vs.* JOHN C. KATZ, Appellant.

*Opinion filed December 18, 1930—Rehearing denied Feb. 4, 1931.*

H. J. THAL, for appellant.

O. S. HANSEN, (JOHN M. POLLOCK, and GEORGE P. LATCHFORD, JR., of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The Feehanville Drainage District in Cook county was organized under the act entitled, "An act to provide for the construction, reparation and protection of drains, ditches

and levees, across the lands of others, for agricultural, sanitary and mining purposes, and to provide for the organization of drainage districts," commonly known as the Levee act. The owners of approximately three hundred acres of land in the district, desiring more complete drainage, addressed an application to the commissioners of the district requesting them to organize the land, the boundaries of which were described in the application, into a sub-district. Acting upon the application, the commissioners filed in the county court of Cook county a petition for the organization of sub-district No. 1 of the Feehanville Drainage district. The petition was accompanied by a report of the commissioners and to the report were attached plans, profiles and specifications and an estimate of the cost of the proposed work. The notice required by the act was given, a hearing upon the petition and report followed and an order was entered approving and confirming the report and establishing the sub-district within the boundaries designated. Thereafter John C. Katz made a motion to vacate the order and for leave to file objections to the petition. The motion was denied and Katz prosecutes this appeal.

The petition for the organization of the sub-district was filed pursuant to section 59 of the Levee act (Cahill's Stat. 1929, pp. 1047, 1048; Smith's Stat. 1929, p. 1134) the pertinent provisions of which are the following:

"If, after an assessment of lands throughout the district has been made for the purpose of constructing drains or ditches, or enlarging or repairing the main drains or ditches of said district, * * * there remain lands in particular localities in any original district which are in need of more minute and complete drainage, and it shall appear to the commissioners that, in their judgment, additional ditches, drains, outlets, levees, pumping plants or other work are needed in order to afford more complete drainage, they may prepare a special report as hereinafter provided, and file the same and organize a sub-district in the manner here-

inafter set forth without the necessity of a petition of the land owners therefor, and in all cases where, upon written application to the .commissioners signed by a majority in number of the adult land owners in such locality owning in the aggregate more than one-third of the land affected, or by the adult land owners of a major part of the land in such locality who constitute one-third or more of the owners of the land affected, it shall appear that additional ditches, drains, outlets, levees, pumping plants or other work are necessary in order to afford more complete drainage to such locality, it shall be the duty of such commissioners to examine such lands, and lay off and make plans, profiles and specifications of such additional work, and an estimate of the cost of the same and make a special report thereof, which special report, whether filed on petition of the land owners or not, shall describe all of the lands which will be either benefited or damaged by such additional work, together with the names of the owners, when known; * * * The special report, when prepared by the commissioners, shall be filed with the clerk of the county court, and the commissioners shall give to all persons whose lands will be either benefited or damaged, whether they signed an application for additional work or not, three weeks' notice of the filing and hearing of such report in the manner required by section three (3) of this act; said notice shall state that the commissioners will appear before the county court at a day mentioned in said notice, and ask said court for a confirmation of such special report; and upon said hearing, the court shall pass upon said report and may permit the same to be amended, and if said report is confirmed and approved by the court, a special assessment of benefits and damages shall be made upon all the lands benefited or damaged by the proposed work, in the manner provided for the making of the original assessments of the benefits and damages by this act; * * *.

Upon confirmation of said special report by the court, it shall be the duty of the court to declare all the lands found to be affected by the work proposed by said special report to be organized into a sub-district," * * *.

Appellant's contention is that the application of the land owners to the commissioners of the district and the petition of the commissioners to the county court did not comply with the requirements of the foregoing section for the reason that the application of the land owners was not shown to be signed either by a majority of the adult land owners in the proposed sub-district owning in the aggregate more than one-third of the land affected or by the adult owners of a major part of the land who constitute one-third or more of the owners of the whole of such land, and hence that the county court had no jurisdiction of the proceeding to organize a sub-district. The appellee, on the contrary, argues that the commissioners of a drainage district organized under the Levee act may petition the county court for the formation of a sub-district without a precedent application by land owners to the commissioners therefor, and consequently that the absence or insufficiency of such an application neither defeats nor even affects the jurisdiction of the county court to enter, upon the petition and report of the commissioners, a valid order declaring the organization of a sub-district.

A drainage district cannot be organized under the Levee act unless one-third of the owners of land representing the major part, in area, of the land in the proposed district, or a majority of the owners representing one-third, in area, of such land, have petitioned for the organization of the district; and the petition is an essential prerequisite to the jurisdiction of the county court to enter an order finding the district established. (*People* v. *North Fork Drainage District,* 331 Ill. 68). The organization of a sub-district under section 59 of the Levee act, however, is not the formation of a new drainage district. The sub-district is not

an independent body politic or corporate but is merely a part of the original district and is under the control of the corporate authorities of that district. (*Sny Island Levee Drainage District* v. *Boyd Levee and Drainage District,* 273 Ill. 533; *Koeller* v. *Salisbury,* 276 id. 230). Section 59 provides that if it shall appear to the commissioners that additional work is needed to afford more complete drainage, they may prepare and file a special report and seek the organization of a sub-district for that purpose. Non-action by the commissioners does not preclude the initiation of proceedings for the organization of a sub-district, for, upon an application to the commissioners signed in the proportions of owners and area of land prescribed by the section, it is made the duty of the commissioners, among other things, to examine the lands and to make a special report upon the proposed additional work. The effect of such an application by land owners, therefore, is to compel action by the commissioners of the original district. Unless the application is supported by the number of owners and area prescribed, the commissioners will not be obliged to take the requested action. The commissioners may act without such an application, and when they institute in the county court a proceeding for the organization of a sub-district under section 59 of the Levee act, the presence or absence of the land owners' application to the commissioners, is, so far as the court's jurisdiction to enter an order organizing a sub-district is concerned, wholly inconsequential. It follows that the contention of the appellant is without merit and that the county court properly refused to vacate the order confirming the report of the drainage commissioners and declaring the sub-district organized.

The order of the county court is affirmed.

*Order affirmed.*